FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESTEBAN MAYORGA, a.k.a. Esteban Ramon Mayorga Fuentes, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-73919 <br><br> Agency No. A094-292-146 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2013[**]

Before:      GOODWIN, WALLACE, and GRABER, Circuit Judges.

Esteban Mayorga, a native and citizen of Honduras, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for withholding of

removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 435 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's finding that Mayorga failed to establish the harm he suffered in the past, including threats by a manager who had political connections and the loss of his job in the context of a corporate reorganization, rose to the level of persecution. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1153-54 (9th Cir. 2005). Further, substantial evidence supports the agency's finding that Mayorga failed to establish that he faces a likelihood of future persecution. *See Zehatye*, 435 F.3d at 1990 (to qualify for withholding of removal, petitioner must show it is more likely than not he would be subjected to persecution on account of a protected ground)*; Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011) (per curiam) ("[a] personal dispute is not, standing alone, tantamount to persecution based on an imputed political opinion"). We reject both Mayorga's contention that the BIA did not engage in sufficient analysis of the IJ's decision, and his contention that the BIA applied an improper standard of review. Accordingly, Mayorga's withholding of removal claim fails.

Finally, we lack jurisdiction to consider Mayorga's contentions that the IJ erred by not considering his social group claim, because he did not raise this

argument in his appeal to the BIA.  *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**